IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

MICHAEL DUFFY,                          )
                                        )
                Plaintiff,              )
                                        )
        v.                              ) Civ. No. 09-198-SLR
                                        )
KENT COUNTY LEVY COURT                  )
INCORPORATED,                           )
                                        )
                Defendant.              )

### MEMORANDUM ORDER

At Wilmington this ∂⁴ᵗʰday of June, 2009, having considered plaintiff's motion for emergency relief from continued injury by the defendant (D.I. 9);

IT IS ORDERED that the motion is **denied**, for the reasons that follow:

1. **Background**. Plaintiff, Michael Duffy, who proceeds pro se, filed a motion seeking emergency injunctive relief to stay an order to demolish two cottages at Kitts Hammock, Delaware, for the assignment of a mediator, and for compliance with the Americans with Disabilities Act ("ADA) to accommodate him in securing permits and records. Plaintiff's family cottages were damaged in May 2008 as a result of flooding. (D.I. 2) The cottages were condemned by defendant and plaintiff was evicted from the land. Plaintiff, who has Parkinson's Disease, has sought permits to return to his property and to continue storm recovery, to no avail. He alleges that he sought, but was not provided, an accommodation from defendant and this prevented him from obtaining the required permits.

2.  The pending motion states that defendant "issued an order to the Delaware Court of Chancery to forcibly demolish" plaintiff's two cottages on or after June 23, 2009.  (D.I. 9)  The Chancery Court approved the order to demolish and in June 2009 denied plaintiff's motions for relief from forced demolition.  Plaintiff had filed three motions to stay the action that were "dismissed" on the grounds that plaintiff did not procure a demolition permit to deconstruct the front structure to salvage materials to rebuild.  (*Id.*)  Plaintiff alleges that he pursued the required permits, but his efforts were impeded by the system and his disability.  Plaintiff claims that approval of the order violates his civil rights.  He also claims that the ability to obtain the required permits is a matter of civil rights.

3.  **Standard**.  A preliminary injunction is an extraordinary remedy that should be granted only if: (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enterprises.*, Inc., 176 F.3d 151, 153 (3d Cir. 1999). "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate." *Id.*

4.  **Discussion**.  Plaintiff states that, if an injunction does not issue, his property will be lost in total.  The court, however, must abstain.  Under the doctrine of *Younger* abstention, federal courts are prevented from enjoining pending state proceedings absent extraordinary circumstances.[1]  *Middlesex County Ethics Comm. v. Garden State*

---

[1]Pursuant to *Younger*, the only basis for federal court interference is where one of four exceptions are met: (1) irreparable injury is both great and immediate; (2) the

-2-

*Bar Ass'n*, 457 U.S. 423, 437 (1982); *Greg v. Pagano*, F. App'x 287 (3d Cir. 2008) (not reported).  The court must abstain where: "(1) there are ongoing state proceedings involving the would-be federal plaintiffs that are judicial in nature, (2) the state proceedings implicate important state interests, and (3) the state proceedings afford an adequate opportunity to raise the federal claims." *Middlesex County*, 457 U.S. at 432; *Gwynedd Properties, Inc. v. Lower Gwynedd Twp.*, 970 F.2d 1195, 1200 (3d Cir. 1992).

     5. Here, there are pending state court proceedings that directly relate to the issues raised by plaintiff.  Second, Delaware has an important interest in resolving real property condemnation and demolition issues, and rulings in the Chancery Court proceeding implicate the important interest of preserving the authority of the state's judicial system. *See e.g. Coles v. Street,* 38 F. App'x 829 (3d Cir. 2002) (not reported) (based upon the principle of comity, district court properly abstained in condemnation proceeding even though there was no pending state action); *Gwynedd Properties, Inc. v. Lower Gwynedd Twp.*, 970 F.2d 1195 (3d Cir. 1992) (abstention appropriate to the extent an injunction enjoining the appellees from denying approvals and permits would result in a de facto review of the township's zoning decisions currently under review in the state courts, but developer could pursue in federal court remedies with respect to condemnation of portion of parcel not provided for under state condemnation proceeding); *Aaron v. Target Corp.*, 357 F.3d 768 (8th Cir. 2004) (district court abused discretion when it did not to abstain in state condemnation proceeding and issued a

state law is flagrantly and patently violative of express constitutional prohibitions; (3) there is a showing of bad faith or harassment; or (4) other unusual circumstances call for equitable relief. *Mitchum v. Foster*, 407 U.S. 225, 230 (1972) (citing *Younger v. Harris*, 401 U.S. 37, 46-54 (1971)).

preliminary injunction); *Lawson v. City of Buffalo*, 52 F. App'x 562 (2d Cir. 2002) (not reported) (*Younger* abstention appropriate in action alleging that city and state court judges violated homeowners' due process rights when they ordered demolition of plaintiffs' homes, despite their contention that they faced irreparable harm, where there was no demolition order currently in effect, and any demolition order issued in future, if unlawful, could be challenged on appeal in state court).

6. Finally, plaintiff has had an adequate opportunity to raise his claims in state court and, in fact, has done so. Additionally, Delaware's appellate court is an adequate forum for review of plaintiff's claim. State law also provides an avenue to appeal the denial of permits to the Kent County Board of Adjustment.[2] *See* Del. C. § 4916(a). The court finds that plaintiff has not provided sufficient special circumstance to convince the court to take the extraordinary step of issuing an injunction to interfere with state court proceedings.[3] Accordingly, pursuant to *Younger* and its progeny, the court shall

---

[2]The court will address plaintiff's ADA claims upon initial screening of the complaint, pursuant 28 U.S.C. § 1915.

[3]It may be that *Rooker-Feldman* doctrine is also applicable. In some circumstances, the *Rooker-Feldman* doctrine deprives a federal district court of jurisdiction to review a state court adjudication. *Turner v. Secretary of U.S. Dep't Housing and Urban Dev.*, 449 F.3d 536, 547 (3d Cir. 2006). The *Rooker-Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Here, plaintiff alleges injury based upon the actions taken by the Kent County Levy Court and the Chancery Court with regard to the condemnation and demolition of real estate. Although not framed as such, in essence, plaintiff seeks review and rejection of the Delaware state court judgments and decisions rendered against him. Accordingly, to the extent that plaintiff's claims fall under the purview of the *Rooker-Feldman* doctrine, they are barred.

-4-

abstain.  *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987) (stating that *Younger* abstention is favored even after the plaintiffs failed to raise their federal claims in the ongoing state proceedings).

      7.  **Conclusion**.  Therefore, the motion for emergency relief is **denied**.  (D.I. 9)


                                                          _____
                                              UNITED STATES DISTRICT JUDGE