IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL DUFFY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 09-198-SLR |
| ) | |
| KENT COUNTY LEVY COURT ) | |
| INCORPORATED, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM ORDER**

At Wilmington this 9th day of July, 2009, having considered plaintiff's second motion for emergency relief and status report (D.I. 15);

IT IS ORDERED that the motion is **denied**, for the reasons that follow:

1. **Background.** Plaintiff, Michael Duffy, who proceeds pro se, filed a second motion seeking emergency injunctive relief to stay an order to demolish two cottages at Kitts Hammock, Delaware, for the assignment of a mediator, and for compliance with the Americans with Disabilities Act ("ADA). The motion seeks basically the same relief as that found in plaintiff's first motion for emergency relief filed on June 16, 2009. (D.I. 9) That motion was denied on June 24, 2009. (*See* D.I. 11)

2. The court will not restate the facts as they are known to the parties and are outlined in the June 24, 2009 order. However, it takes judicial notice that on June 22, 2009, proceedings were held in the Delaware Court of Chancery ("Chancery Court") concerning several motions field by plaintiff for relief from destruction of property and for arbitration. All motions were denied. *Duffy v. Kent County Levy Ct.,* C.A. No. 4281-VCN, D.I. 55 (Del. Ch. July 24, 2009). A hearing was also held on June 8, 2009, and

on June 22, 2009, the Chancery Court issued several orders on motions filed by plaintiff that also sought injunctive relief and arbitration. (*Id.* at D.I. 50-53) On June 29, 2009, plaintiff filed a notice of appeal before the Delaware Supreme Court on the orders denying his motions for preliminary injunctive relief and ternporary relief, Case No. 375,2009, but on July 1, 2009, the appeal was dismissed as an interlocutory appeal. (D.I. 16, ex. A) Plaintiff advises that he plans to move for reconsideration of the dismissal on July 6, 2009. In the meantime, on July 2, 2009, an "intent to demolish" order was posted, effective July 7, 2009.

3. **Standard**. A preliminary injunction is an extraordinary remedy that should be granted only if: (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enterprises.*, Inc., 176 F.3d 151, 153 (3d Cir. 1999). "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate." *Id.*

4. **Discussion**. This court's previous order clearly stated that it must abstain pursuant to the *Younger* doctrine.[1] *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 437 (1982); *Greg v. Pagano*, F. App'x 287 (3d Cir. 2008) (not reported). The court must abstain where: "(1) there are ongoing state proceedings

---

[1] Under *Younger*, the only basis for federal court interference is where one of four exceptions are met: (1) irreparable injury is both great and immediate; (2) the state law is flagrantly and patently violative of express constitutional prohibitions; (3) there is a showing of bad faith or harassment; or (4) other unusual circumstances call for equitable relief. *Mitchum v. Foster*, 407 U.S. 225, 230 (1972) (citing *Younger v. Harris*, 401 U.S. 37, 46-54 (1971)).

involving the would-be federal plaintiffs that are judicial in nature, (2) the state proceedings implicate important state interests, and (3) the state proceedings afford an adequate opportunity to raise the federal claims." *Middlesex County*, 457 U.S. at 432; *Gwynedd Properties, Inc. v. Lower Gwynedd Twp.*, 970 F.2d 1195, 1200 (3d Cir. 1992).

5. As is well documented, there are pending state court proceedings that directly relate to the issues raised by plaintiff. The basic issues in this case have not changed since the court's June 24, 2009 order, with the exception of the entry of additional orders by the Chancery Court and the new notice of impending demolition. As previously determined, plaintiff has not provided sufficient special circumstance to convince the court to take the extraordinary step of issuing an injunction to interfere with state court proceedings.[2] Accordingly, pursuant to *Younger* and its progeny, the court shall abstain. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987) (stating that *Younger* abstention is favored even after the plaintiffs failed to raise their federal claims in the ongoing state proceedings).

7. **Conclusion**. For the above reasons, the second motion for emergency relief is **denied**. (D.I. 15)

*[signature]*
UNITED STATES DISTRICT JUDGE

---

[2]It may be that *Rooker-Feldman* doctrine is also applicable. To the extent that plaintiff's claims fall under the purview of the *Rooker-Feldman* doctrine, they are barred. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (The *Rooker-Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.").