IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL DUFFY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 09-198-SLR |
| | ) |
| KENT COUNTY LEVY COURT | ) |
| INCORPORATED and P. BROOKS | ) |
| BANTA, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

At Wilmington this ⟨ᵗʰ⟩day of July, 2010, having considered plaintiff's third

emergency motion for injunctive relief (D.I. 53);

IT IS ORDERED that the motion is **denied**, for the reasons that follow:

1. **Background**. Plaintiff, Michael Duffy ("plaintiff"), who proceeds pro se, filed a

third motion for emergency injunctive relief "by way of a building permit and [zoning]

variances." (D.I. 53) He seeks four variances to facilitate his family's storm recovery

efforts and rebuilding. The complaint and amendments allege that plaintiff, who has

Parkinson's disease, unsuccessfully sought permits to delay or preclude demolition to

return to his property to continue storm recovery and for shelter and other structures.

He alleges that, because defendants did not provide him an accommodation, this

prevented him from obtaining the required permits. Defendants oppose the pending

motion and argue that plaintiff is not entitled to the injunctive relief sought because the

complaint raises unrelated discrimination claims and plaintiff has failed to meet the

requirements for injunctive relief. (D.I. 62)

2.  Plaintiff owns real estate in Kitts Hummock, Kent County, Delaware.  Certain structures on the property were condemned and the Delaware Court of Chancery entered an order for demolition on or after June 23, 2009.  Plaintiff no longer focuses on the demolition issue, and now asks this court to direct defendants to issue and approve four zoning variances.  Plaintiff alleges that, in his attempt to obtain the variances, he was not allowed to speak with the Kent County planning services clerk, his application was taken, but he was told by Ms. Persan that she would not process his documents.  Plaintiff has a deadline of April 2011 to obtain a building permit.  He contends that defendants "refuse administration or release of permit applications to process needed variances."

3.  Sarah E. Keifer, director of the Kent County Department of Planning Services, states that plaintiff has not submitted, nor requested, an application for a building permit for the Kitts Hummock property.  Plaintiff's previously approved, or existing, variances for the Kits Hummock property will not expire and he is not required to rebuild within one year of the demolition.  Depending upon the type of structure plaintiff wishes to build, he may need additional variances.  Until plaintiff attains good standing with Kent County, he may not obtain a variance or permit.[1]  In order to obtain a building permit, plaintiff must provide the appropriate documentation, including an elevation certificate and building plans.  (D.I. 62, ex. A)

4.  **Standard**.  A preliminary injunction is an extraordinary remedy that should be granted only if: (1) the plaintiff is likely to succeed on the merits; (2) denial will result in

---

[1]Because plaintiff has not paid the Kent County demolition costs and is in violation of two ordinances, he is not in good standing.  (D.I. 62, ex. A, ¶ 4)

irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable

harm to the defendant; and (4) granting the injunction is in the public interest."

*NutraSweet Co. v. Vit-Mar Enterprises.*, Inc., 176 F.3d 151, 153 (3d Cir. 1999).

"[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction

inappropriate." *Id.*

     5. **Discussion**.  Initially the court notes that the issues raised in the pending

motion are not those alleged in the complaint and amended complaint.  Nor is the claim

ripe for adjudication inasmuch as the record does not reflect that plaintiff has formally

applied for the variances and building permit he seeks.  *See Nextel Communications of

the Mid-Atl., Inc. v. City of Margate*, 305 F.3d 188, 192-93 (3d Cir. 2002) (The Supreme

Court has explained that the basic rationale of the ripeness doctrine "is to prevent the

courts, through avoidance of premature adjudication, from entangling themselves in

abstract disagreements over administrative policies, and also to protect the agencies

from judicial interference until an administrative decision has been formalized and its

effects felt in a concrete way by the challenging parties" (citation omitted).; *see also

Aciermo v. Mitchell*, 6 F.3d 970, 976 (3d Cir. 1993) (denial of building permit is not ripe

until the Board of Adjustment makes a final decision).  Finally, in the event that plaintiff

is denied the desired variances and building permits, his avenue for relief does not lie

with this court.  In Kent County, an applicant may appeal an adverse land use or zoning

decision first to the Board of Adjustment, and then to the Delaware Superior Court.  *See*

9 Del. C. §§ 4916, 4917, 4918.  The evidence before the court does not support a

finding that plaintiff is likely to  succeed on the merits of the case.  Therefore, the court

finds that plaintiff has failed to establish the necessary elements for injunctive relief.

6. **Conclusion**.  For the above reasons, the third motion for emergency

injunctive relief is **denied**.  (D.I. 53)

UNITED STATES DISTRICT JUDGE