IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL DUFFY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 09-198-SLR |
| | ) |
| KENT COUNTY LEVY COURT | ) |
| INCORPORATED and P. BROOKS | ) |
| BANTA, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 15th day of July, 2010, having considered plaintiff's fourth emergency motion for injunctive relief (D.I. 59);

IT IS ORDERED that the motion is **denied**, for the reasons that follow:

1. **Background**. Plaintiff, Michael Duffy ("plaintiff"), who proceeds pro se, filed a fourth motion for emergency injunctive relief "on behalf of all residents of Kitts Hummock and the general public" who use a public dune crossing. He seeks an order requiring defendants to suspend building permits and to stay certification of occupancy. The complaint and amendments raise different issues and allege that plaintiff, who has Parkinson's disease, unsuccessfully sought permits to delay or preclude demolition to return to his property to continue storm recovery and for shelter and other structures. He alleges that, because defendants did not provide him an accommodation, this prevented him from obtaining the required permits. Defendants oppose the pending motion and argue that plaintiff is not entitled to the injunctive relief sought because the

complaint raises unrelated discrimination claims and plaintiff has failed to meet the requirements for injunctive relief. (D.I. 70)

2. Plaintiff owns real estate in Kitts Hummock, Kent County, Delaware. Certain structures on the property were condemned and the Delaware Court of Chancery entered an order for demolition on or after June 23, 2009. Plaintiff no longer focuses on the demolition issue. This is his fourth emergency motion for injunctive relief, the other three having been denied. He appears to ask this court to intervene into an ongoing lawsuit pending in the Delaware Court of Chancery filed by Frank and Cheryl Lord against various state agencies. He also appears to seek injunctive relief to stop the construction of an ongoing sewer expansion project in Kent County.

3. **Standard**. A preliminary injunction is an extraordinary remedy that should be granted only if: (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enterprises.*, Inc., 176 F.3d 151, 153 (3d Cir. 1999). "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate." *Id.*

4. **Discussion**. Initially, the court notes that plaintiff appears to concede that the pending motion is unrelated to this litigation. Indeed he states that the pending motion is "more attuned to complaint 09-817." In addition, while plaintiff claims to have filed this motion "on behalf of all citizens," this case does not proceed as a class action. Further, plaintiff is not a licensed attorney and he may not represent the interests of

other potential litigants. Finally, plaintiff has failed to establish the required elements for injunctive relief. The court finds that plaintiff's numerous motions for emergency injunctive relief are vexatious and an abuse of the judicial process and that the pending motion is frivolous.

6. **Conclusion**. For the above reasons, the fourth motion for emergency injunctive relief is **denied**. (D.I. 59)  **Plaintiff is placed on notice that future motions for emergency injunctive relief raising issues unrelated to this lawsuit will be summarily denied.**

_____
UNITED STATES DISTRICT JUDGE