IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL DUFFY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 09-198-SLR |
| | ) |
| KENT COUNTY LEVY COURT and | ) |
| P. BROOKS BANTA, | ) |
| | ) |
| Defendants. | ) |

Michael Duffy, Pro Se Plaintiff. Dover, Delaware.

Chad J. Toms, Esquire, Whiteford, Taylor & Preston, L.L.C., Wilmington, Delaware. Counsel for Defendants.

**MEMORANDUM OPINION**

Dated: September 27, 2010
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Plaintiff Michael Duffy ("plaintiff"), who proceeds pro se, filed this complaint alleging violations of the Americans with Disabilities Act ("ADA"). (D.I. 2, 25) Presently before the court are several motions filed by the parties, including a motion to dismiss, motion to change venue, motion to amend, motion for an extension of time, motion to compel, and motions for injunctive relief. (D.I. 33, 37, 47, 48, 55, 65, 66, 79, 81) For the reasons set forth below, the court will grant in part and deny in part defendants' motion to dismiss, will deny plaintiff's motions for injunctive relief, will deny plaintiff's motion to amend, will deny as moot plaintiff's motion for an extension of time, and will deny plaintiff's motion to compel. (D.I. 33, 37, 47, 48, 55, 65, 66, 79, 80)

## II. BACKGROUND

Plaintiff filed his complaint on March 26, 2009, and an amendment on September 9, 2009. (D.I. 2, 25) As is his practice, plaintiff has filed many notices, exhibits, and supplements to his complaint.[1] (See D.I. 16, 20, 26, 28, 36, 45, 46, 52, 63, 69, 78, 82) Recently, he filed a motion to amend the amended complaint. (D.I. 55)

Plaintiff filed the original complaint pursuant to 28 C.F.R. Parts 36, 204, 305, 501 alleging disability discrimination and seeking enforcement of Title II of the ADA. Plaintiff has Parkinson's disease and is considered severely disabled at both the state and federal level. Plaintiff's disability affects his ability to communicate as his speech is

---

[1] It is not necessary for plaintiff to file status reports or memos in support of his position **except** when responding to a pending motion. Said documents are docketed but are not considered by the court. Nor is it proper for plaintiff to file supplements to the complaint. The correct procedure is to file a motion to amend the complaint.

unclear, he types slowly, and his handwriting varies in quality.  Plaintiff must ask many questions and needs time to think.

A flood displaced plaintiff from his family cottage.  On October 4, 2008, he filed a request for an ADA accommodation after unsuccessful attempts, beginning in July 2008, to obtain permits to return to his home and to continue storm recovery, but he received no formal reply or accommodation.  Instead, defendant Kent County Levy Court ("Levy Court") allegedly retaliated against him for making remarks in support of his community.  Plaintiff asserts that the retaliation continues.  For example, plaintiff alleges that the Levy Court refused to sign for dumpster services for storm debris that had previously been allowed by able bodied and affluent community citizens.  Plaintiff alleges that, "by discriminatory actions the defendant has not allowed those with neurological disabilities back onto their property or to obtain permits."  He alleges several cottages that were condemned due to flooding had their issues resolved, with the exception of families whose members are suffering from neurological disabilities.  (D.I. 2)

The amended complaint adds P. Brooks Banta ("Banta") as a defendant, although he is not mentioned in the body of the complaint.  New allegations include that plaintiff received a demolition permit, but removal of vital infrastructure and denial of access to the grounds made the permit moot, and that the Levy Court denied other permits plaintiff sought.  Additionally, plaintiff takes exception to the numerous requirements for reparation of condemned property.  He alleges that others with condemned cottages were given more time to demolish with no required permit prerequisites.  Plaintiff alleges that the Levy Court continues to refuse an ADA

accommodation. In addition, he alleges he is being punished for political reasons. (D.I. 25)

Defendants move for dismissal pursuant to Fed. R. Civ. P. 12(b)(6). (D.I. 33) Plaintiff opposes the motion. Plaintiff has filed numerous documents outside the pleadings in opposition to the motion. The Federal Rules of Civil Procedure provide that when a motion to dismiss is filed pursuant to Rule 12(b)(6) and matters outside the pleadings are presented to and not excluded by the court, the matter shall be treated as one for summary judgment and disposed of as provided in Fed. R. Civ. P. 56. Fed. R. Civ. P. 12(d). The court will not consider the matters outside the pleadings submitted by plaintiff and will treat defendants' motion as a motion to dismiss pursuant to Fed. R. Civ. P. 12(b), since no discovery has occurred to date.

### III. MOTION TO DISMISS

#### A. Standard of Review

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, –U.S.– , 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544 (2007). When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that plaintiff has a "plausible claim for relief." *Id.* at 211; *see also Iqbal,* 129 S.Ct. at 1949; *Twombly,* 550 U.S. at 570. In other words, the complaint must do more than allege plaintiff's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

"In deciding motions to dismiss pursuant to Rule 12(b)(6), courts generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim. A document forms the basis of a claim if the document is 'integral to or explicitly relied upon in the

-4-

complaint.' The purpose of this rule is to avoid the situation where a plaintiff with a legally deficient claim that is based on a particular document can avoid dismissal of that claim by failing to attach the relied upon document. Further, considering such a document is not unfair to a plaintiff because, by relying on the document, the plaintiff is on notice that the document will be considered." *Lum v. Bank of Am.*, 361 F.3d 217 n.3 (3d Cir. 2004) (internal citations omitted); *see also In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

## B. Americans with Disabilities Act

### 1. P. Brooks Banta

The amended complaint names Banta as a defendant in the caption of the complaint. There are no allegations directed towards him. Defendants move for his dismissal on the grounds that the ADA provides recovery only against a public entity.

Title II of the ADA prohibits discrimination by a "public entity." 42 U.S.C. § 12132. Title II defines a "public entity" as "any state or local government, . . . any department, agency, special purpose district, or other instrumentality of a State or States or local government," and public railroads. 42 U.S.C.A. § 12131(1). On its face, the statutory definition of "public entity" does not extend to individual governmental employees. Most courts to address the issue have held that Title II does not authorize suits against government officers in their individual capacities.[2] *See, e.g., Thomas v.*

---

[2] The U.S. Court of Appeals for the Third Circuit has not addressed the issue, but has held that there is no individual liability under Title III, and noted its result "comports with decisions of other courts of appeals holding that individuals are not liable under Titles I and II of the ADA, which prohibit discrimination by employers and public entities respectively." *Emerson v. Thiel Coll.*, 296 F.3d 184, 189 (3d Cir. 2002) (citations omitted).

*Pennsylvania Dep't of Corr.*, Civ. No. 07-40J, 2008 WL 68628, at *4-5 (W.D. Pa. Jan. 4, 2008) (individual defendants are not liable for damages under Title II of the ADA); *Doe v. Division of Youth and Family Services*, 148 F. Supp. 2d 462, 489 (D.N.J. 2001) (Title II does not reference individual liability"); *Calloway v. Boro of Glassboro Dep't of Police*, 89 F. Supp. 2d 543, 557 (D.N.J. 2000) (the weight of judicial authority supports the conclusion that individual defendants cannot be held liable for violations of Title II of the ADA); *Garcia v. S.U.N.Y. Health Sciences Ctr. of Brooklyn*, 280 F.3d 98, 107 (2d Cir. 2001) (Title II of the ADA does not provide for individual capacity suits against state officials"); *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 n.8 (8th Cir. 1999) (the term "public entity," as defined in § 12131(1) does not include individuals).

The original complaint, which seeks compensatory and punitive damages and injunctive relief, names only one defendant, the Levy Court. The amended complaint that adds Brooks as a defendant does not contain a claim for relief and does not indicate if Brooks is sued in his individual or official capacity. *See Brandon v. Holt*, 469 U.S. 464, 471-72 (1985) (where a suit is brought against a public officer in his official capacity, the suit is treated as if the suit were brought against the governmental entity of which he is an officer); *Koslow v. Commonwealth of Pennsylvania*, 302 F.3d 161, 179 (3d Cir. 2002) ("federal ADA claims for prospective injunctive relief against state officials are authorized by the *Ex parte Young* doctrine"). Nor does the amended complaint contain one allegation directed towards Brooks.

As discussed, Title II of the ADA does not provide for a cause of action against government employees in their individual capacities and the amended complaint does not refer to Brooks in his official capacity. For the above reasons, the court finds that

plaintiff has failed to state a cognizable claim against Brooks. Therefore, the court will grant the motion to dismiss Brooks from this case.

### 2. Kent County Levy Court

Defendants argue that plaintiff has failed to adequately plead a Title II ADA cause of action. In order to state a claim under Title II of the ADA, a claimant must allege that he is "an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aides and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by the public entity." 42 U.S.C. § 12131(2). The pleading elements of a prima facie case of disability discrimination under Title II of the ADA, require plaintiff to allege that: (1) he or she is a qualified individual with a disability within the meaning of the statute; (2) he or she is being excluded from participation in, or is being denied the benefits of the services, programs, or activities of a covered entity, or is otherwise being discriminated against by the entity; and (3) such exclusion, denial of benefits, or discrimination is due to the plaintiff's disability. *Cornell Companies, Inc. v. Borough of New Morgan*, 512 F. Supp. 2d 238, 262-63 (E.D. Pa. 2007) (citations omitted).

Defendants contend that plaintiff has failed to establish that he is a qualified person with a disability and, even if he has, his pleadings indicate disenchantment with the permit process rather than exclusion from participation in, or denial of, benefits by the Levy Court. They further argue that plaintiff has not established he was excluded or denied a benefit or discriminated against by reason of his disability.

Plaintiff alleges that his Parkinson's Disease impairs his ability to communicate effectively due to speech and handwriting difficulties, and the length of time needed to complete tasks. It requires him to ask numerous questions and he "needs time to think." (D.I. 2 at 4) Plaintiff alleges that able bodied individuals were provided dumpsters, but his request was denied; he has been denied various permits; and that others who are not disabled have been given additional time to demolish and are not required to comply with the requisites for the needed permits. Finally, plaintiff alleges that the Levy Court denied his request for an ADA accommodation and, when he spoke out, it retaliated against him by taking the actions referred to hereinabove. Liberally construing the complaint and amended complaint as the court must, the court finds that plaintiff has sufficiently set forth a claim under Title II of the ADA. Therefore, the court will deny the motion to dismiss the claims against the Levy Court.

## IV. INJUNCTIVE RELIEF

Plaintiff has filed several motions with various titles, all of which seek injunctive relief. The motions concern the demolition of property and various orders directed to plaintiff.[3] (See D.I. 37, 48, 55, 79, 81) The motions ask this court to stay zoning matters, to direct the state courts to take certain action, to change the venue of a Delaware Chancery Court case to this district court and, in general, to intervene in permit decisions and state court rulings. The court finds that the change of venue motion actually seeks removal to this court, but it fails to meet the requisites for

---

[3]Docket item 55 is improperly docketed as a motion to amend. The filing is an emergency motion for injunctive relief. The clerk of court is directed to correct the docket entry.

removal. *See* 28 U.S.C. § 1446. In addition, by previous orders this court has abstained from interfering in the permit process inasmuch as plaintiff has raised the issues in the Delaware State Courts. (*See* D.I. 11, 19, 72, 73)

This is a disability discrimination case raised under Title II of the ADA. Plaintiff has been warned that motions for injunctive relief raising issues unrelated to this law suit will be summarily denied. (*See* D.I. 73) Plaintiff's pending motions fall under that category and, therefore, the court will deny the motions. (D.I. 37, 48, 55, 79, 81)

Also pending is a motion for an extension of time related to plaintiff's requests for injunctive relief found at Docket Items 53 and 59. (D.I. 65) The court denied the motions in July 2010 and, therefore, will deny as the motion as moot. (D.I. 65)

## V. MOTION TO AMEND

Plaintiff moves to amend the complaint to add a defendant and to update the alleged continuing ADA discrimination.[4] (D.I. 47) Defendants oppose the motion on the grounds that plaintiff did not comply with D. Del. LR 15.1 and that it is improper to seek amendment when there is a pending motion to dismiss. (D.I. 49)

"After amending once or after an answer has been filed, the plaintiff may amend only with leave of the court or the written consent of the opposing party, but 'leave shall be freely given when justice so requires.'" *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (quoting Fed. R. Civ. P. 15(a)). The Third Circuit has adopted a liberal approach to the amendment of pleadings to ensure that "a particular claim will be decided on the

---

[4]The document is docketed as a supplement to the complaint, but it is actually a motion to amend. The clerk of court is directed to correct the docket.

merits rather than on technicalities." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 486-87 (3d Cir. 1990) (citations omitted).

Leave to amend should be granted absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *See also Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000). Futility of amendment occurs when the complaint, as amended, does not state a claim upon which relief can be granted. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). If the proposed amendment "is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend." *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990).

Plaintiff's proposed amendment concerns plans by the sewer district as they pertain to Kitts Hummock, Delaware. The proposed amendment alleges that plaintiff is disabled and has Parkinson's Disease and defendant has neither denied nor accepted his request for ADA assistance. While plaintiff's allegations give detail of the proposed sewer project, they do not adequately allege a violation of the ADA. (See III.B.2., *supra*) The court has thoroughly reviewed the proposed amendment and finds it frivolous.

There is futility of amendment. For the above reasons, the court will deny the motion to amend. (D.I. 47)

## VI. MOTION TO COMPEL

Plaintiff moves to compel defendants, pursuant to Fed. R. Civ. P. 26 and 34, to respond to interrogatories served upon them on June 16, 2010, and to schedule the

deposition of Sarah E. Keifer, the director of the Kent County Department of Planning Services. (D.I. 66) Defendants acknowledge receipt of the interrogatories and the request to schedule a deposition, but contend that discovery has not yet commenced as no discovery conference has taken place as required by Fed. R. Civ. P. 26(f). (D.I. 75) Defendants' position is well-taken. The court will deny the motion and will enter a scheduling order. (D.I. 66)

## VII. CONCLUSION

Based upon the foregoing analysis, the court will grant in part and deny in part defendants' motion to dismiss, will deny plaintiff's motions for injunctive relief, will deny plaintiff's motion to amend, will deny as moot plaintiff's motion for an extension of time, and will deny plaintiff's motion to compel. (D.I. 33, 37, 47, 48, 55, 65, 66, 79, 81) The claims against P. Brooks Banta are dismissed. The only claim that remains is the Title II ADA claim against Kent County Levy Court. The court will enter a scheduling order.

An appropriate order will issue.