IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL DUFFY, | ) |
|       Plaintiff, | ) ) ) |
| v. | ) Civ. No. 09-198-SLR ) |
| KENT COUNTY LEVY COURT, | ) ) |
|       Defendant. | ) ) |

Michael Duffy, Pro Se Plaintiff. Clayton, Delaware.

Chad J. Toms, Esquire, Whiteford, Taylor & Preston, L.L.C., Wilmington, Delaware. Counsel for Defendant.

Ralph K. Durstein, III. Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for movants John Noble and Julie Kelley.

Michael F. Costello, Pro Se Movant. Dover, Delaware.

MEMORANDUM OPINION

Dated: May 31, 2011
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Plaintiff Michael Duffy ("plaintiff"), who proceeds pro se, filed this complaint alleging violations of the Americans with Disabilities Act ("ADA). (D.I. 2, 25) Presently before the court are several motions filed by the parties and non-party movants. (D.I. 87, 89, 100, 101, 108, 111, 113, 119, 126, 135, 141, 144, 146, 147, 154, 158, 162, 163, 176) For the reasons set forth below, the court will deny plaintiff's motions; deny defendant's motions; grant movants Noble's and Kelley's motion to quash; and deny movant Costello's motion to quash and motions for protective orders. (D.I. 87, 89, 100, 101, 108, 111, 113, 119, 126, 135, 141, 144, 146, 147, 154, 158, 162, 163, 176)

## II. BACKGROUND

Plaintiff filed his complaint on March 26, 2009, and an amendment on September 9, 2009. (D.I. 2, 25) The original complaint, filed pursuant to 28 C.F.R. Parts 36, 204, 305, 501, alleges disability discrimination and seeks enforcement of Title II of the Americans with Disabilities Act ("ADA"). Plaintiff alleges that he has Parkinson's disease and is considered severely disabled at both the state and federal level. Plaintiff's disability affects his ability to communicate as his speech is unclear, he types slowly, and his handwriting varies in quality. Plaintiff must ask many questions and needs time to think.

A flood displaced plaintiff from his family cottage. On October 4, 2008, he filed a request for an ADA accommodation after unsuccessful attempts, beginning in July 2008, to obtain permits to return to his home and to continue storm recovery, but he received no formal reply or accommodation. Instead, defendant Kent County Levy

Court ("Levy Court") retaliated against him for making remarks in support of his community. Plaintiff alleges that the retaliation continues. For example, plaintiff alleges that the Levy Court refused to sign for dumpster services for storm debris that had previously been allowed by able bodied and affluent community citizens. Plaintiff alleges "by discriminatory actions the defendant has not allowed those with neurological disabilities back onto their property or to obtain permits." He alleges several cottages that were condemned due to flooding had their issues resolved, with the exception of families with neurological disabilities. (D.I. 2)

In addition, plaintiff alleges that he received a demolition permit but removal of vital infrastructure and denial of access to the grounds made the permit moot and that the Levy Court denied other permits plaintiff sought. Additionally, plaintiff takes exception to the numerous requirements for reparation of condemned property. He alleges that others with condemned cottages were given more time to demolish with no required permit prerequisites. Plaintiff alleges that the Levy Court continues to refuse an ADA accommodation. In addition, he alleges he is being punished for political reasons. (D.I. 25)

The discovery deadline expired on March 28, 2011, and motions for summary judgment were to be filed no later than April 28, 2011, with responses due by May 31, 2011, and replies due by June 14, 2011. (D.I. 91)

## III. MOTION TO AMEND

Plaintiff moves to amend the complaint to add a claim that defendant is violating his basic civil rights as well as those of other displaced individuals. (D.I. 87) Plaintiff refers to liens placed upon his property and the taking of property without equal

protection. Defendant moves to strike the motion. (D.I. 89) The court denied a previous motion to amend (D.I. 55) on September 27, 2010.[1] (See D.I. 90, 91)

The court notes that plaintiff recently filed a new complaint, Civ. No. 11-013-SLR, that contains same or similar allegations as the proposed amendment against the original defendants in this action. Accordingly, the court will deny the motion to amend and will deny as moot the motion to strike. (D.I. 87, 89)

## IV. MOTION FOR RECONSIDERATION

On October 25, 2010, plaintiff filed a response to the court's September 23, 2010 memorandum opinion and order wherein he seeks various relief including correction of the record. (D.I. 91, 92, 101). The court construes the response as a motion for reconsideration.

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).

Plaintiff has failed to demonstrate any of the aforementioned grounds to warrant a reconsideration of the court's September 23, 2010 memorandum order. Therefore, the court will deny the motion for reconsideration. (D.I. 101)

---

[1] The same memorandum opinion and order dismissed all claims against P. Brooks Banta.

## V. MOTIONS TO QUASH

Plaintiff and non-parties move to quash subpoenas. (D.I. 100, 108, 144, 146) Plaintiff objects to defendant's attempt to subpoena his medical records and opposes a blanket release of his medical records. He also moves to quash a subpoena to depose his minister.[2] (D.I. 100, 108) Movants, the Honorable John Noble ("Noble"), Julie Kelley ("Kelley"), and Michael F. Costello ("Costello"), filed motions to quash subpoenas issued at the request of plaintiff. (D.I. 144, 146)

Rule 45 provides that a subpoena must provide a specified time and place to attend and testify. Fed. R. Civ. P. 45 (a)(1)(A)(iii). In addition, Rule 45 provides that the subpoena may be served by any person who is not a party. Fed. R. Civ. P. (b)(1). Rule 45 requires that the subpoena be delivered to the person named in the subpoena. *Id.* Finally, if the subpoena requires attendance, Rule 45 requires tendering fees for attendance and mileage. *Id.* The district court has discretion whether to quash or modify a subpoena. *Wedgewood Vill. Pharmacy, Inc. v. United States*, 421 F.3d 263, 268 n.5 (3d Cir. 2005); *Connaught Laboratories, Inc. v. SmithKline Beecham P.L.C.*, 7 F. Supp. 2d 477, 480 (D. Del. 1998).

### A. Medical Records

Plaintiff's motions do not include copies of the subpoenas at issue or a copy of the proposed medical release. Plaintiff claims a disability pursuant to the Americans with Disabilities Act. At the time the motion was filed, plaintiff refused to sign a medical release. (D.I. 110) Later filings by plaintiff indicate that he has signed "many medical

---

[2]Docket item 100 is incorrectly docketed as a motion for reconsideration.

releases." (D.I. 133) Regardless, plaintiff's medical condition is relevant and defendant may pursue that line of discovery. Therefore, the motions are **denied**. (D.I. 100, 108)

### B. Deposition of Minister

Plaintiff also moves to quash a subpoena for deposition directed to his minister, David P. Humphrey ("Humphrey"). (D.I. 108) The subpoena directs Humphrey to "bring . . . his entire file pertaining to Michael Art Duffy, . . . including . . . records pertaining to this litigation or real property owned by Michael Duffy." (D.I. 110, ex. A) Defense counsel requested Humphrey to submit to a deposition regarding his "knowledge and involvement in this litigation," and Humphrey agreed to the deposition. (D.I. 110) Plaintiff contends that all his minister's knowledge is confidential and privileged in nature, as are documents in his possession and, therefore, his testimony will not lead to the discovery of admissible evidence. Plaintiff, however, announces his plans to call Humphrey as an expert witness in disaster recovery due to his volunteer work.

While a motion to quash or modify a subpoena, in general, must be brought by the individual to whom it was directed, there is an exception that provides a party standing to an action to quash or modify a non-party subpoena when the party seeking to quash or modify the subpoena claims a privilege or privacy interest in the subpoenaed information. See *Thomas v. Marina Associates*, 202 F.R.D. 433, 434-435 (E.D. Pa. 2001). Here, plaintiff assert a clergy-communicant privilege.

The clergy-communicant privilege protects communications to a member of the clergy, in his or her spiritual or professional capacity, by persons who seek spiritual counseling and who reasonably expect that their words will be kept in confidence. *In re*

*Grand Jury Investigation*, 918 F.2d 374, 377 (3d Cir. 1990). The presence of third parties, if essential to and in furtherance of the communication, does not vitiate the clergy-communicant privilege. *Id.*

The discovery sought from Humphrey does not appear to be protected by the clergy-communicant privilege. Instead, because Humphrey has assisted plaintiff with his legal claims, defendant seeks discovery from Humphrey as a person with knowledge of plaintiff's claim. Should questions be asked of Humphrey that seek such privileged information, at that time, a clergy-communicant privilege may be asserted.

For the above reasons, the court will deny plaintiff's motion to quash the subpoena issued to Humphrey. (D.I. 108) The court will also deny defendant's request for oral argument. (D.I. 111)

### C. Non-Parties' Motions to Quash Subpoenas

#### 1. Noble and Kelley

Noble and Kelley move to quash a subpoena issued at the request of plaintiff. (D.I. 144) Movants argue that plaintiff failed to comply with the requisites of Fed. R. Civ. P. 45, the subpoena seeks the disclosure of privileged or protected material, and is unduly burdensome.

Having examined the subpoena directed to Noble and Kelley, the court finds it facially defective for a number of reasons. A joint subpoena for Noble and Kelley was left with the Register in Chancery at the Kent County Courthouse in Dover, Delaware. The proof of service is signed by plaintiff, but Rule 45 does not allow him to serve the subpoena. The subpoena seeks the testimony for "expert at law as to case 4281-VCN

and unnumbered complaint of 2010." The subpoena states that "the deposition will be recorded by this method: written questions and a digital voice recording." The subpoena, however, does not provide for the place, date or time of the deposition. Nor did it include witness fees and mileage as required by Rule 45.

Noble and Kelley state that they were not personally served with the subpoena, and the proof of service indicates that the subpoena was delivered to the Register in Chancery. A majority of courts have held that Rule 45 requires personal service of subpoenas. *FTC v. Compagnie De Saint-Gobain-Pont-A-Mousson*, 636 F.2d 1300, 1312-1313 (D.C. Cir. 1980) (holding that rule does not permit any form of mail service and that compulsory process may be served upon an unwilling witness only in person); *In re Johnson & Johnson*, 59 F.R.D. 174, 177 (D. Del. 1973) (determining that personal service of individuals is required); *In re Smith,* 126 F.R.D. 461, 462 (E.D.N.Y. 1989) (holding that district court lacked discretion under rule to permit alternative service); *New Jersey Bldg. Laborers' Statewide Benefit Funds v. Gen. Civil Corp.*, Civ. No. 08-6056JEI/AMD, 2009 WL 2778313, at *2 (D.N.J. Sept. 1, 2009) (Fed. R. Civ. P. 45(b)(1) mandates that "[s]erving a subpoena requires delivering a copy to the named person"); *Whitmer v. Lavida Charter, Inc.*, Civ. No. 91-0607, 1991 WL 256885 (E.D. Pa. Nov. 26, 1991) ("Personal service is required. Unlike service of a summons and complaint, it is not sufficient to leave a copy of the subpoena at the dwelling place of the witness.")

Finally, this case revolves around violations of the Americans with Disabilities Act, but the subpoena directed to Noble and Kelley concerns cases filed in Delaware state court and, it appears, Noble's testimony regarding his findings in those cases. Noble, a judicial officer, is exempt from testimony as to said matters based upon

common law immunity. *See Brawer v. Horowitz*, 535 F.2d 830 (3d Cir.1976) (quoting *Veeder, Absolute Immunity in Defamation: Judicial Proceedings*, 9 Colum. L. Rev. 463, 474 (1909)) ("Neither party, witness, counsel, jury, nor judge can be put to answer, civilly or criminally for words spoken in office."). Said immunity is "practically the universal rule in this country." *Williams v. Hepting*, 844 F.2d 138, 143 (3d Cir. 1988).

For the above reasons, the court finds that the motion to quash filed by Noble and Kelley is well-founded. Therefore, the court will grant the motion to quash. (D.I. 144).

### 2. Costello

#### a. Subpoena

Michael F. Costello ("Costello") also moves to quash a subpoena issued at the request of plaintiff. (D.I. 146) He also contends that plaintiff failed to comply with the requisites of Fed. R. Civ. P. 45, and that the subpoena is unduly burdensome. Plaintiff opposes the motion. (D.I. 157)

The subpoena appears to have been served by plaintiff on February 18, 2011 and is directed to the Kitts Hummock Improvement Association ("KHIA") in care of Michael Costello. (D.I. 146, ex. A) The KHIA is a water system located in Kent County, Delaware. https://drinkingwater.dhss.delaware.gov. The subpoena commands the production of documents and inspection of premises.

Initially, the court notes that, as a non-attorney, Costello may represent himself but, in federal court, he may not act as an attorney for other individuals or for an association or corporation. *Rowland v. California Men's Colony*, 506 U.S. 194, 202

(1993) (noting that the lower courts have uniformly held that 28 U.S.C.A. § 1654, which provides that "parties may plead and conduct their own cases personally or by counsel," does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney). In addition, minutes dated February 21, 2011, and attached to plaintiff's opposition, refer to a subpoena received from plaintiff. (D.I. 157, ex.) It is unknown if it is the same subpoena currently at issue. Nonetheless, the minutes indicate that the KHIA Board will comply with the subpoena. The minutes go on to state that the KHIA Board sought advice from an attorney and it was decided to comply "although there were legal issues with the document." (*Id.*)

Inasmuch as Costello may not appear on behalf of the KHIA, the subpoena is not directed to Costello, and KHIA minutes indicate its intent to comply with the subpoena, the court will deny the motion to quash filed by Costello. (D.I. 146)

### b. Motion for protective order

Costello also filed two motions for protection "seeking relief from harassment aimed at [Costello], his neighbors, and community association" by plaintiff. (D.I. 147, 154) As noted above, Costello may not represent the KHIA. Nor may he, as a non-attorney, act as an attorney for other individuals. He may only represent himself in this court. 28 U.S.C. § 1654; *see also Osei-Afriye v. Medical Coll. of Pennsylvania*, 937 F.2d 876 (3d Cir. 1991) (non-lawyer appearing pro se may not act as attorney for his children).

The first motion speaks to the subpoena previously discussed. Costello complains that the subpoena contains an incorrect address for the KHIA and, instead, uses the address of Costello's private residence. Costello indicates that plaintiff has

been informed on numerous occasions of the correct address. He argues that the use of his address imposes an undue burden in the form of harassment, stress, invasion of privacy, and legal fees. (D.I. 147)

The second motion for protection asks for the court's assistance to stop plaintiff from sending personal emails and entering Costello's private property. Costello asks the court to issue an order directing plaintiff to cease any and all communication with him for any purpose. (D.I. 154)

Pursuant to Federal Rule of Civil Procedure 26(b)(3), the court may, on its own initiative or pursuant to a motion for a protective order filed under Rule 26(c), limit discovery if "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit . . ." Fed. Civ. P. 26(b)(3).

The court may, for good cause, issue a protective order that limits the scope of the discovery sought against third parties. *Royal Surplus Lines Ins. Co. v. Sofamor Danek Group,* 190 F.RD. 463, 467 (W.D. Tenn. 1999) ("[C]ourts have been inclined to limit the scope of discovery directed to non-parties in order to protect the non-party from harassment, inconvenience, or disclosure of confidential documents."); *see also Societe Nationale Industrielle Aerospatiale v. United States Dist. Ct. S. Dist. Iowa,* 482 U.S. 522, 566 (1987) (explaining that under Rule 26, "[a] court may make any order which justice requires to limit discovery, including an order permitting discovery only on

specified terms and conditions, by a particular discovery method, or with limitation in scope to certain matters").

As discussed above, the purpose of a protective order issued pursuant to Fed. R. Civ. 26(c) is to limit discovery. Here, Costello seeks to limit plaintiff's conduct. The court will deny the motions to the extent that Costello seeks a protective order on behalf of someone other than himself. Similarly, the court will deny the motions to the extent that Costello seeks a protective order with regard to the subpoena served upon the KHIA.

For the above reasons, the court will deny the motions for protective orders. (D.I. 147, 154) Plaintiff, however, is admonished to comply with the Federal Rules of Civil Procedure when seeking discovery from non-parties. Plaintiff is directed to deal with the KHIA at its proper address.

## VI. MOTIONS TO COMPEL

Plaintiff has filed numerous motions to compel. (D.I. 113, 119, 126, 135, 141, 158, 163, 176)[3] He contends that defendant is obstructing his ability to conduct discovery and has not produced "functional discovery". He further contends that defense tactics are retaliatory in nature, have caused loss of support from his witnesses, and divided the community. In addition, plaintiff contends that defendant has not provided him with medical records produced to it, subsequent to plaintiff's signed release.

---

[3]Docket item 126 is docketed as a motion to proceed with pretrial discovery. The court construes the motion as a motion to compel. Docket item 149 also seeks to compel discovery but is titled as a "legal memo - discovery."

One motion to compel appears to take exception to the statement of Dr. Stanley Fahn, which plaintiff considered "medical malpractice" and "not merited by the plaintiff."[4] (D.I. 141) Another motion appears to seek help in obtaining discovery from witnesses. (D.I. 163) Most of the motions are repetitive and seek the same or similar relief. Without exception, they fail to identify with specificity the discovery that allegedly was not provided.

Pursuant to Fed. R. Civ. P. 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

In addition to answering interrogatories, defendant has produced to plaintiff two CDs of documents, totaling more than twelve hundred pages. Prior to production of the documents, plaintiff reviewed the documents on August 25, 2010 but left after fifteen minutes without requesting copies of any documents. The parties met on December 7, 2010, in an attempt to resolve their discovery disputes and the court has reviewed the

---

[4]The one page report states that plaintiff is "disabled by his condition from a medical standpoint," but does not provides specifics as to the disability. Dr. Fahn goes on to state that the underlying diagnosis Parkinson's disease did not stand the test of time, noting that Parkinson's disease worsens over time, while plaintiff's conditions have improved over time. (D.I. 141, Fahn report)

-12-

transcript of their meeting. (D.I. 129) After reviewing the voluminous record and numerous motions, the court concludes that defendant has adequately responded to plaintiff's discovery requests. Therefore, the court will deny the motions to compel with the caveat that, if plaintiff does not have copies of his medical records, defendant shall provide plaintiff with such copies obtained during discovery. Plaintiff shall reimburse defendant for the cost of photocopying the records.

Plaintiff is placed on notice that future repetitive motions to compel will be docketed, but not considered by the court.

## VII. INJUNCTIVE RELIEF

Plaintiff moves for injunctive relief "beyond 3/2009 to 5/2014, inclusive of all permits, variances, violations, and any other zoning by defendant. (D.I. 162) The motion is summarily denied. (See July 7, 2010 order, D.I. 73)

## VIII. REQUEST FOR AUXILIARY AID WITH LANGUAGE AND TIME

Plaintiff seeks assistance in the form of a remedial aide in reading and speaking comprehension to fairly address the court and defense counsel and to clarify "in layman's terms the language of this court and especially the writing of the defendant." (D.I. 109, 169, 178) Plaintiff indicates that, due to his "brain disease," there is not a "means of clear communication," he is unable to comprehend court rulings, he is unable to secure procedural guidance from the clerk's office, he does not comprehend arguments and demands made by defendant, and he cannot adequately prosecute his case. He also requests counsel. (D.I. 178) Plaintiff refers to the Americans with Disabilities Act, and he seems to ask the court to accommodate his disability.

Through his filings, plaintiff indicates that five or six governmental agencies have determined that he is permanently partially disabled and temporarily totally disabled. He also implies that the Social Security Administration has made a determination regarding disability. He now asks the court to accommodate his disability, but the court does not have before it sufficient documentation regarding plaintiff's claim of disability.

Therefore, plaintiff shall supplement the record by filing with the court (under seal) any documents supporting his claim of disability, be it brain disease or some other type of disability. Said documents may include records regarding treatment of neurological deficits (cord and spine injury), evidence of disability determinations by states (including New York and Delaware) or federal agencies and medical records or reports from the University of Pennsylvania, Dr. Colcher, Dr. Fahn, Maximum Health Care, Dr. Eidelberg, and/or G. Balu.

The court will hold in abeyance plaintiff's motions requesting assistance pending receipt and consideration of the records. (D.I. 109, 169, 178)

## IX. CONCLUSION

For the above reasons, the court will: (1) deny plaintiff's motion to amend; (2) deny as moot defendant's motion to strike; (3) deny plaintiff's motion for reconsideration; (4) deny plaintiff's motions to quash; (5) deny defendant's request for oral argument; (6) grant movants Noble's and Kelley's motion to quash; (7) grant movant Costello's motion to quash and deny his motions for protective orders; (8) deny plaintiff's motions to compel and motion for injunctive relief; and (9) order plaintiff to file

(under seal) documents regarding his disability. (D.I. 87, 89, 100, 101, 108, 111, 113, 119, 126, 135, 141, 144, 146, 147, 154, 158, 162, 163, 176)

An appropriate order will issue.