IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL DUFFY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 09-198-SLR-SRF ) |
| KENT COUNTY LEVY COURT, | ) ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

At Wilmington this 10th day of June, 2013, having considered the "Motion for Conference, Guidance, FOIA Request" (D.I. 218) filed by plaintiff,[1]

IT IS ORDERED that:

1. **Motion for Recusal:** Plaintiff's motion for recusal is **denied**. Plaintiff alleges that he did not agree to the jurisdiction of the magistrate judge, and claims that the court's "professional and emotional relationship" has "overwhelmed any possible legal action since 9/2011" and has "tainted [the court's] decisionmaking." (D.I. 218 at 6)

Plaintiff does not identify the statutory basis for his claim for recusal. Construing plaintiff's submission liberally, consistent with plaintiff's status as a pro se litigant,[2] the court analyzes the request under both statutory bases for recusal. To establish a disqualifying bias sufficient to warrant recusal, both 28 U.S.C. § 144 and 28 U.S.C. §

---

[1] The order referring the case to the magistrate judge shall remain in effect until further order of the court. (D.I. 203)

[2] The Third Circuit has "repeatedly emphasized that, when addressing the claims of a pro se litigant, we have a special obligation to construe his submissions liberally." *Delker v. Blaker*, 488 F. App'x 650, 650 (3d Cir. 2012) (citing *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011)).

455 require that the alleged bias or prejudice stem from an extrajudicial source. See *Liteky v. United States*, 510 U.S. 540, 548-49 (1994). "Extrajudicial source" means a source outside the present or prior judicial proceedings. See *id.* at 555. As a result, judicial rulings almost never constitute a valid basis for a recusal motion. *Id.* at 541. Similarly, claims of bias or partiality cannot be based on "expressions of impatience, dissatisfaction, annoyance, and even anger." *Id.* at 555-56.

Section 144 requires that a party seeking recusal file a "timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. Plaintiff has failed to file the required affidavit. Therefore, the motion is denied to the extent that it is brought under § 144.

Pursuant to 28 U.S.C. § 455, a judge is required to recuse herself "in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455. "Under this section a judge must consider whether a reasonable person knowing all the circumstances would harbor doubts concerning the judge's impartiality." *Jones v. Pittsburgh Nat'l Corp.*, 899 F.2d 1350, 1356 (3d Cir. 1990) (citing *United States v. Dalfonso*, 707 F.2d 757, 760 (3d Cir. 1983)).

To the extent plaintiff contends that the magistrate judge should have recused herself pursuant to § 455, plaintiff has failed to provide the court with any basis for reasonably questioning the magistrate judge's impartiality. Plaintiff's objection to the jurisdiction of the magistrate judge also fails. This case was referred to the magistrate judge pursuant to 28 U.S.C. § 636(b) for all proceedings, and to hear and determine all

motions, through and including the pretrial conference. (D.I. 203) Plaintiff's consent to the jurisdiction of the magistrate judge is not required for the application of § 636(b).

2. **Motion to Stay Proceedings:** Plaintiff's request to stay the proceedings is **denied**. Plaintiff initiated the instant action over four (4) years ago. Since then, plaintiff has amended the complaint, conducted discovery, and opposed defendant's motion for summary judgment. The scheduling order provides an opportunity for the parties to supplement and update the record that already exists, if the parties determine that such supplementation is warranted. (D.I. 215) Plaintiff has indicated that he would like the action to move forward so that he may obtain a decision. (D.I. 218 at 1, 6) For these reasons, the court finds that a stay is not warranted.

3. **Modification of the Scheduling Order:** Plaintiff's request for modification of the scheduling order is **denied**. Although plaintiff alleges that he cannot comply with the time frame set forth in the current scheduling order,[3] he proposes no alternate schedule and contends that the case has remained static for too long. (D.I. 218 at 6) The amended scheduling order shall govern further proceedings and no further extensions will be permitted, except by leave of court. (D.I. 215)

4. **Status Conference:** Plaintiff's request for an in-person status conference is **denied**. In support of his request, plaintiff alleges that he does not know what has happened in the case since the entry of the order appointing counsel from the Federal Civil Panel. (D.I. 218 at 3) As a courtesy, a copy of the docket is enclosed, free of

---

[3] Plaintiff bases his motion primarily on his alleged difficulty communicating with the court. (D.I. 218 at 2-3) However, the court finds plaintiff's submissions to be legible, comprehensible, and prolific.

charge for this request only. Should plaintiff require copies (including docket sheets) in the future, plaintiff is advised that the fee for copies is fifty cents ($.50) per page. *See Tabron v. Grace*, 6 F.3d 146, 159 (3d Cir. 1993) (holding that 28 U.S.C. § 1915 does not require the government to pay the costs of deposition transcripts or any other litigation expenses, and that no other federal statute authorizes courts to commit federal monies for payment of the necessary expenses of litigation); *see also Allen v. Prince*, 2010 WL 2490896, at *7 (D. Del. June 21, 2010) (concluding that plaintiff proceeding *in forma pauperis* was required to pay for copies and postage).

5.      **FOIA Request:** Plaintiff's FOIA request is **denied**. Neither the Privacy Act nor the Freedom of Information Act, codified at 5 U.S.C. §§ 551 and 552, applies to the Judicial Branch. *See* 5 U.S.C. § 551(1)(B) (excluding the courts of the United States from the definition of "agency" used in § 551 et seq. of Title 5); *see also United States v. Frank*, 864 F.2d 992, 1013 (3d Cir. 1988); *Warth v. Dep't of Justice*, 595 F.2d 521, 522-23 (9th Cir. 1979); *Cook v. Willingham*, 400 F.2d 885 (10th Cir. 1968).

6.      **Request for Guidance:** Plaintiff's request for guidance from the court is **denied**. Plaintiff requests that the court assume the roles of legal advisor and disability aide, and alternatively suggests that the court has already assumed these roles by default. (D.I. 218 at 3-4) However, the court is not in a position to grant this request: "[T]here is **no** case law requiring courts to provide general legal advice to pro se parties. In a long line of cases, the Supreme Court has repeatedly concluded that courts are under no such obligation." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 243 (3d Cir. 2013) (citing *McKaskle v. Wiggins*, 465 U.S. 168, 183-84 (1984) ("A defendant does not

have a constitutional right to receive personal instruction from the trial judge on courtroom procedure. Nor does the Constitution require judges to take over chores for a pro se defendant that would normally be attended to by trained counsel as a matter of course."); *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975)). "Judges must be impartial, and they put their impartiality at risk – or at least might **appear** to become partial to one side – when they provide trial assistance to a party." *Id.* at 244 (citing *Pliler v. Ford*, 542 U.S. 225, 231 (2004)). "At the end of the day, [pro se litigants] cannot flout procedural rules – they must abide by the same rules that apply to all other litigants." *Id.* at 245 (citing *McNeil*, 508 U.S. at 113). To the extent that plaintiff seeks the appointment of an auxiliary aid and/or legal counsel, these issues were addressed in a previous order. (D.I. 195)

7. **Miscellaneous:** Plaintiff raises a number of other grievances without articulating a specific request. Therefore, the court is not in a position to address these grievances. However, this order shall serve to place plaintiff on notice that further abusive and disrespectful conduct or language directed at plaintiff's former court-appointed counsel, the court, or any other individual associated with this matter may lead to dismissal of the action. *See Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1179 n.15 (3d Cir. 1993) (determining that courts have inherent equitable powers to dismiss actions for failure to prosecute, contempt of court, or abuse of litigation practices); *Guyer v. Beard*, 907 F.2d 1424, 1429 (3d Cir. 1990) ("Under our jurisprudence, the sanction of dismissal is reserved for those cases where the plaintiff has caused delay or engaged in contumacious conduct."); *see also Ashcroft v. Dep't of*

*Corr.*, 2008 WL 4367540, at *3 (W.D.N.Y. Sept. 18, 2008) ("Whatever frustration plaintiff may have does not justify the use of profane and abusive language directed toward his appointed counsel . . . The court will not tolerate such abusive conduct by plaintiff.").

8. For the foregoing reasons, plaintiff's motion is **denied**. (D.I. 218) The Clerk of Court shall cause a copy of this Memorandum Order and a courtesy copy of the docket in the above-captioned action to be mailed to plaintiff.

                               United States District Judge