IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MICHAEL DUFFY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 09-198-SLR-SRF |
| | ) | |
| KENT COUNTY LEVY COURT, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

At Wilmington this 5th day of July, 2013,

IT IS ORDERED that plaintiff's motions for leave to amend the complaint (D.I. 216, D.I. 217) are DENIED, and defendant's motion to strike (D.I. 220) is DENIED as moot for the following reasons:

1.  **Background.** Plaintiff Michael Duffy ("plaintiff") filed this civil action on March 26, 2009. He appears pro se and has been granted leave to proceed in forma pauperis. Plaintiff sought emergency injunctive relief to stay a state court order allowing demolition of two structures located at Kitts Hummock, Delaware, for the assignment of a mediator, and for compliance with the Americans with Disabilities Act ("ADA") to accommodate him in securing permits and records. Plaintiff's family cottages were damaged in May 2008 as a result of flooding. (D.I. 2) The cottages were condemned by defendant and plaintiff was evicted from the land. Plaintiff, who has Parkinson's Disease, has sought permits to return to his property and to continue storm recovery, to no avail. He alleges that he sought, but was not provided, an accommodation from defendant and this prevented him from obtaining the required permits.

2. **Legal Standard.** "After amending once or after an answer has been filed, the plaintiff may amend only with leave of the court or the written consent of the opposing party, but 'leave shall be freely given when justice so requires.'" *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (quoting Fed. R. Civ. P. 15(a)). The Third Circuit has adopted a liberal approach to the amendment of pleadings to ensure that "a particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 486-87 (3d Cir. 1990) (citations omitted)

3. Leave to amend should be granted absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000). Futility of amendment occurs when the complaint, as amended, does not state a claim upon which relief can be granted. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). If the proposed amendment "is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend." *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990).

4. **Discussion.** Plaintiff's proposed amendments concern the inclusion of additional defendants. In both proposed amended complaints, plaintiff lists the defendants as "Kent County DE. Inc. & CEO, Kent County Levy Court INC & CEO." (D.I. 216, D.I. 217) There are no allegations directed towards any of the defendants plaintiff seeks to add by way of the proposed amendment. Moreover, the court previously considered and dismissed plaintiff's claims against

P. Brooks Banta, the president of the Kent County Levy Court, in its September 27, 2010 Memorandum Opinion. (D.I. 90 at 5-7) For the foregoing reasons, the court finds that plaintiff's proposed amendment to include additional defendants would be futile.

5. By way of his proposed amendment (D.I. 216), plaintiff also seeks to include a cause of action based on alleged violations of his freedom of speech under the First Amendment. For the following reasons, the court concludes that inclusion of plaintiff's First Amendment claims would be futile.

6. A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 1949. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that plaintiff has a "plausible claim for relief."[1] *Id.* at 211. In other words, the complaint must do more than allege plaintiff's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the

---

[1] A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.*

3

well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1949 (quoting Fed. R. Civ. P. 8(a)(2)).

7. Plaintiff's proposed amendment fails to identify any specific conduct by defendant that could be construed as retaliation against plaintiff for the exercise of his First Amendment rights. The proposed amendment also fails to allege conduct by defendant that prevented plaintiff from expressing himself. Plaintiff's disenchantment with the judicial process cannot appropriately be characterized as conduct by the defendant in retaliation for plaintiff's exercise of his right to free speech. The new theories do not aid plaintiff in his request for relief. Therefore, amendment would be futile under Fed. R. Civ. P. 15.

8. For the foregoing reasons, plaintiff's motions for leave to amend the complaint (D.I. 216, D.I. 217) are DENIED, and defendant's motion to strike (D.I. 220) is DENIED as moot. The Clerk of Court shall cause a copy of this Memorandum Order to be mailed to plaintiff.

9. This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1. The parties may file and serve specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The written objections and response are each limited to five (5) pages.

10. The parties are directed to the court's Standing Order In Pro Se Matters For Objections Filed Under Fed. R. Civ. P. 72, dated November 16, 2009, a copy of which is available on the court's website, www.ded.uscourts.gov.

11.	Because this Memorandum Order addresses a non-dispositive motion, any objections filed will not affect the findings, rulings, or decisions herein during the pendency of a decision on the objections.

_____
Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE